UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER CHAPPELL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-3007** |
| **KIRBY INLAND MARINE, LP,** *ET AL.* | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS ORDERED** that the motion to remand filed by plaintiff Alexander Chappell (Document 3) is hereby **GRANTED**.

**A.    Background.**

Plaintiff Alexander Chappell instituted this suit in the 25th Judicial District Court, Parish of Plaquemines, State of Louisiana, against defendants Kirby Inland Marine, LP and Kirby Corporation (collectively "Kirby") under the Jones Act, 46 U.S.C.App. § 688.  On July 18, 2005, Kirby removed the case.

Chappell alleges that he sustained personal injuries caused by benzene exposure:

> Beginning in approximately 1999, plaintiff was employed as a seaman aboard barges and other vessels owned and/or operated by the defendants, which vessels were in

1

the navigable waters of the State of Louisiana, including waters within the jurisdiction of this Court in Plaquemines Parish.  Plaintiff performed his assigned duties aboard the defendants' barges and other vessels.  In the course of performing those duties, due to the negligence of the defendants and/or the unseaworthiness of the vessels, plaintiff was caused to sustain severe and disabling injuries as described herein, including bladder cancer and other conditions, due to his exposure to benzene and/or other carcinogens.[1]

Chappell worked for Kirby as a deckhand from October 24, 1999 through November 15, 2001, and Kirby admits that he was a seaman under the Jones Act during this period.  On November 15, 2001, Chappell was permanently reassigned by Kirby, and began working as a shore tankerman.  Chappell worked in this position until he left Kirby's employment on August 30, 2004.

Chappell has moved to remand, arguing that because he filed suit under the Jones Act, his suit was not removable.  *See* 46 U.S.C .App. § 688; 28 U.S.C. § 1445(a).  Kirby argues that because Chappell was not a seaman when he worked as a shore tankerman, his recovery against it is limited to the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901.  Accordingly, Kirby contends that the statutory prohibition against removal of Jones Act cases does not apply.

**B.     Analysis.**

The Fifth Circuit has held:

> Generally, Jones Act cases are not removable from state court.  A fraudulently pleaded Jones Act claim does not, however, bar removal.  A defendant may "'pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal.'"  The district court may use a "summary judgment-like procedure" to determine whether a plaintiff has fraudulently pleaded a Jones act claim.  "The court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in plaintiff's favor, the court determines that the plaintiff has no possibility of establishing a Jones Act claim on the merits."

---

[1]     Plaintiff's Petition for Damages at ¶ 3.

*Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006).  Defendants' burden is a "heavy one," and defendants must demonstrate that plaintiff's Jones Act claim is "baseless in law and in fact and 'serve[s] only to frustrate federal jurisdiction.'"  *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995).

The court finds that defendants have not demonstrated that plaintiff's Jones Act claim is baseless.  Defendants admit that plaintiff was a Jones Act seaman prior to November 15, 2001.[2]  Although defendants argue that plaintiff is now covered by the LHWCA, plaintiff alleges that he was exposed to injurious chemicals during his Jones Act employment, and accordingly there is a possibility that plaintiff may recover under the Jones Act.  Additionally, § 903(e) of the LHWCA recognizes that a plaintiff may receive both a Jones Act and an LHWCA recovery, providing that:

> Notwithstanding any other provision of law, any amounts paid to an employee for the same injury, disability, or death for which benefits are claimed under this chapter pursuant to any other workers' compensation law or section 688 of Title 46 (relating to recovery for injury to or death of seaman) shall be credited against any liability imposed by this chapter.

Under this provision, any LHWCA recovery by plaintiff will be reduced by the amount received under the Jones Act:

> By contrast to state workers' compensation laws, the Longshore Act, theoretically at least, is mutually exclusive with other federal workers' compensation systems.  As a practical matter, however, there is a functional overlap between the Jones Act and the Longshore Act recognized by the courts.
>
> \*     \*     \*
>
> A worker faced with the formidable ambiguities of coverage under both systems should not be required to elect at his peril.  He should be allowed to pursue freely the maximum recovery available to him.  The Longshore Act implies this by providing a

---

[2] *See* Document 4 at p. 3.

credit for any Jones Act recovery against a compensation award.

Thomas J. Schoenbaum, 1 *Admiralty and Maritime Law* § 7-4, at 419-20 (2004).

**C.      Conclusions.**

Plaintiff's motion to remand is granted.

New Orleans, Louisiana this  29th  day of March, 2006.

---
**Mary Ann Vial Lemmon**
**United States District Judge**